IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/<br>　　　　　Respondent,<br><br>　　vs.<br><br>MANUEL QUINTERO,<br><br>　　　　　Defendant/<br>　　　　　Petitioner. | No. CR-F-02-5379 OWW<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER MANUEL QUINTERO'S MOTION FOR REDUCTION OF SENTENCE (CRACK COCAINE) PURSUANT TO 18 U.S.C. § 3582(c)(2) |

Petitioner Manuel Quintero, proceeding *in pro per*, has filed a motion for a two-level reduction in the calculation of his base offense level pursuant to 18 U.S.C. § 3582(c)(2). Because of Petitioner's reference to crack cocaine, Petitioner's motion is based on Amendment 706 to the United States Sentencing Guidelines, made retroactive by Amendment 713. Petitioner asserts that he is due to be released from custody on June 17, 2011 and is seeking immediate release from custody.

Petitioner pleaded guilty pursuant to a written Plea

1

Agreement to conspiracy to distribute and possess with intent to distribute cocaine base/crack in violation of 21 U.S.C. §§ 841(a)(1) and 846, a conviction that carries a mandatory statutory minimum sentence of ten years/120 months.  The Presentence Investigation Report calculated Petitioner's applicable offense level as 36 and his criminal history category as I, resulting in a guideline range of 188-215 months.  At sentencing, the Court calculated the base offense level for crack cocaine as 38, reduced the base offense level by 2 levels for acceptance of responsibility, and then departed downward by seven levels for sentencing entrapment "to a level 31, where the mandatory minimum would be the 120 months."  (Doc. 69, 19:22-20:3).  Petitioner was sentenced on October 20, 2003 to 120 months in custody.

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission promulgated Amendment 706 to the

Sentencing Guidelines to reduce the disparity in sentencing between offenses involving powder cocaine and crack cocaine. *See Kimbrough v. United States,* 552 U.S. 85 (2007). Amendment 706, which became effective on November 1, 2007, reduces this disparity by adjusting downward by two points the base offense levels assigned to various categories of crack cocaine in the Drug Quantity Table in U.S.S.G. § 2D1.1. According to the relevant U.S.S.G. policy statement, "a reduction ... is not authorized under 18 U.S.C. § 3582(c)(2) [if the] amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of a statutory mandatory minimum term of imprisonment[]." U.S.S.G. § 1B1.10, cmt. n.1(A). If the two-level reduction in Petitioner's base level is applied pursuant to Amendment 706, the resulting base level is 34. Given the criminal history category of I, the sentencing guideline range would be 151-188 months. A further 7 level reduction because of sentencing entrapment results in a base offense level of 27, resulting in a guideline range of 70-87 months. U.S.S.G. § 1B1.10 provides:

> (a) Authority. --
>
> (1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C.

```
3582(c)(2), any such reduction in the
defendant's term of imprisonment shall be
consistent with this policy statement.

(2) Exclusions. – A reduction in the
defendant's term of imprisonment is not
consistent with this policy statement and
therefore is not authorized under 18 U.S.C.
3582(c)(2) if –

...

    (B) An amendment listed in
subsection (c) does not have the effect of
lowering the defendant's applicable guideline
range.

...

(b) Determination of Reduction in Term of
Imprisonment. --

(1) In General. – In determining whether, and
to what extent, a reduction in the
defendant's term of imprisonment under 18
U.S.C. 3582(c)(2) and this policy statement
is warranted, the court shall determine the
amended guideline range that would have been
applicable to the defendant if the
amendment(s) to the guidelines listed in
subsection (c) had been in effect at the time
the defendant was sentenced.  In making such
determination, the court shall substitute
only the amendments listed in subsection (c)
for the corresponding guideline provisions
that were applied when the defendant was
sentenced and shall leave all other guideline
application decisions unaffected.

(2) Limitations and Prohibition on Extent of
Reduction. --

    (A) In General. – Except as
provided in subdivision (B), the court shall
not reduce the defendant's term of
imprisonment under 18 U.S.C. § 3582(c)(2) and
this policy statement to a term that is less
than the minimum of the amended guideline
range determined under subdivision (1) of
this subsection.
```

>           (B) Exception. – If the original
> term of imprisonment imposed was less than
> the term of imprisonment provided by the
> guideline range applicable to the defendant
> at the time of sentencing, a reduction
> comparably less than the amended guideline
> range determined under subdivision (1) of
> this subsection may be appropriate.  However,
> if the original term of imprisonment
> constituted a non-guideline sentence
> determined pursuant to 18 U.S.C. 3553(a) and
> *United States v. Booker*, 543 U.S. 220 (2005),
> a further reduction generally would not be
> appropriate.
>
>           (C) Prohibition. – In no event may
> the reduced term of imprisonment be less than
> the term of imprisonment the defendant has
> already served.

Here, the crime of conviction is subject to a mandatory statutory minimum, below which Petitioner cannot be sentenced, absent application of the safety valve.  *See* 18 U.S.C. § 3553(f). Although Petitioner argued for application of the safety valve at sentencing, the Court denied the request, instead reducing the base offense level to a 31 because of sentencing entrapment in order to impose the statutory mandatory minimum sentence of 120 months.  Consequently, although Amendment 706 is applicable to Petitioner, according to the relevant U.S.S.G. policy statement, the amendment does not have the effect of lowering Petitioner's applicable guideline range because of the operation of the statutory mandatory minimum term of 120 months.

   Petitioner Manuel Quintero's motion for a two-level reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and for

1  **immediate release from custody is DENIED.[1]**

2  IT IS SO ORDERED.

3  Dated:    September 2, 2010                    /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE

---

[1] **Petitioner's motion requests appointment of counsel to represent him in connection with his motion.  Because Petitioner is not entitled to the relief requested as a matter of law, counsel is not appointed.**

6