IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/<br>　　　　Respondent,<br><br>　　　vs.<br><br>MANUEL QUINTERO,<br><br>　　　　Defendant/<br>　　　　Petitioner. | No. CR-F-02-5379 OWW<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT, DENYING CERTIFICATE OF APPEALABILITY AND DIRECTING CLERK OF COURT TO PROCESS PETITIONER'S NOTICE OF APPEAL FROM THE MEMORANDUM DECISION AND ORDER FILED ON SEPTEMBER 2, 2010 |

　　　By Memorandum Decision and Order filed on September 2, 2010, Petitioner's "Motion for Reduction of Sentence (Crack Cocaine) Pursuant to 18 U.S.C. § 3582(c)(2)" was denied:

> [A]lthough Amendment 706 is applicable to Petitioner, according to the relevant U.S.S.G. policy statement, the amendment does not have the effect of lowering Petitioner's applicable guideline range because of the operation of the statutory mandatory minimum.

　　　On November 9, 2010, pursuant to the "mailbox rule," Petitioner filed a motion to vacate this ruling pursuant to "Rule

1

36, in pari materia to Rule 60(b), Fed. R. Civ. Proc."
Petitioner's motion is coupled with a request for certificate of appealability and a notice of appeal.

Petitioner's motion to vacate is DENIED.  Rule 36, Federal Rules of Criminal Procedure, provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36, as with Rule 60(a), Federal Rules of Civil Procedure, is a vehicle for correcting clerical mistakes, but it may not be used to correct judicial errors in sentencing.  *U.S. v. Penna*, 319 F.3d 509, 513 (9th Cir.2003); Wright, King & Klien, 3 Federal Practice and Procedure, § 611.  Because Petitioner seeks reconsideration of a motion seeking reduction of a criminal sentence, Rule 60(b), Federal Rules of Civil Procedure, has no application to Petitioner.  *See United States v. Gardner*, 2007 WL 3335020 at *3 (E.D.Cal., Nov. 8, 2007).  Petitioner's remedy from the denial of his motion for reduction of sentence is appeal of the ruling to the Ninth Circuit Court of Appeals.[1]

---

[1] **Even if Petitioner were entitled to bring this motion for reconsideration, Petitioner's motion is without merit.  *United States v. Booker* does not apply retroactively to convictions that became final before its pronouncement, *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006), and the District Court has no discretion to depart below a statutory mandatory minimum sentence.  *See United States v. Wipf*, 620 F.3d 1168 (9th Cir.2010); 18 U.S.C. § 3553(f).  No opinion is expressed as to the timeliness of any appeal filed by Petitioner.**

**Accordingly:**

**1. Petitioner's motion to vacate is DENIED;**

**2. Petitioner's application for a certificate of appealability is DENIED because jurists of reason would not find it debatable that Petitioner is not entitled to a reduction in his sentence;**

**3. The Clerk of the Court is directed to process Petitioner's notice of appeal from the Memorandum Decision and Order filed on September 2, 2010.**

IT IS SO ORDERED.

**Dated:   November 22, 2010**              /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE